IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PRESTON PIAZZA,
      Plaintiff,
    v.
COMMONWEALTH OF PENNSYLVANIA,
et al.,
      Defendants

Case No. 3:12-cv-194-KRG-KAP

Recommendation

    There are pending motions to dismiss the complaint, docket no. 6, docket no. 10, and I am also required to screen the complaint under 28 U.S.C.§ 1915A. I recommend that the complaint be dismissed for failure to state a claim on which relief can be granted. See 28 U.S.C.§ 1915(e)(2)(B).

Report

    Plaintiff, an inmate at S.C.I. Somerset, filed a complaint in the Eastern District of Pennsylvania on December 27, 2011, that was transferred here in September 2012, with motions to dismiss decided only in part and without the screening of the complaint mandated by 28 U.S.C.§ 1915A.

    The complaint alleges that defendant Cheryl Kramer, an employee of the Pennsylvania Department of Corrections, "sexually assaulted" plaintiff in her office at S.C.I. Houtzdale "on various dates between August 2009 and December 30, 2009." After plaintiff filed grievances, defendant Mark Kramer, an employee of the Pennsylvania Department of Corrections and the husband of Cheryl Kramer "retaliated" by putting "urine, pubic hairs, spit[tle], and other foreign matter into my food." Plaintiff does not say when

this happened, that this happened more than once, or that he consumed anything from the contaminated food tray. All the other defendants "covered up" the sexual assault and retaliation. Plaintiff alleges that he suffered "physical and emotional injuries." Plaintiff alleges that (although he used the grievance system to complain of the alleged sexual assault) he did not appeal from the denial of his grievance because "the supervisory personnel were part of the cover up."

Piazza's claim that he was "sexually assaulted" by defendant Cheryl Kramer can mean anything from forcible rape to consensual sex that is legally illicit because Piazza was an inmate and Cheryl Kramer a corrections officer. The date(s) of the alleged sexual assault(s) would be relevant to the statute of limitations defense pleaded by defendants. Fed.R.Civ.P. 8 requires that the complaint inform defendant Cheryl Kramer of what she is accused in enough detail to allow her a meaningful opportunity to defend herself. Piazza must file an amended complaint as to defendant Cheryl Kramer, or accept dismissal of the complaint for failure to state a claim.

Plaintiff states no claim against anyone else. Plaintiff provides nothing more than conclusory allegations that other defendants "covered up" Cheryl Kramer's alleged assaults or "retaliated." Other than defendant Mark Kramer, no named defendant is alleged to have taken any retaliatory action. As to Mark

2

Kramer, Piazza alleges contamination of his food tray, does not say that it happened within the statute of limitations period, and does not allege that he ingested any foreign matter and was injured thereby. The alleged contamination of a food tray on one occasion is undoubtedly a tort, but by itself it does not constitute a violation of the Eighth Amendment, any more than would Mark Kramer not giving Piazza his food tray on one occasion. Just because contamination of a food tray is more disgusting than simply not giving an inmate a meal, that does not make that action into a constitutional wrong.

Finally, the elements of the "retaliation" cause of action, see Rauser v. Horn, 241 F.3d 330, 334 (3d Cir.2001), and Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.2003), are that: (1) the inmate took some action itself protected by the constitution; (2) a defendant took adverse action against the inmate sufficient to deter a person of ordinary firmness from persisting in his conduct; and (3) the inmate's protected conduct caused the defendant's adverse action. Even with the liberality with which I must read a pro se complaint, I do not have to abandon common sense. While filing grievances has been held to be protected activity, to read the complaint to infer that defendant Mark Kramer retaliated because Piazza filed a grievance and not because Piazza alleged that Piazza and his wife were having sex would be ridiculous. As for the other defendants' alleged "cover up,"

3

plaintiff is free to litigate that in another forum, but no one has a federal constitutional or statutory right to the prosecution of another person: even if employees of the Pennsylvania Department of Corrections did cover up the wrongdoing of a fellow employee that amounted to a violation of plaintiff's federally protected rights, that cover up, like any other failure or absence of a remedy after the fact of wrongdoing, does not constitute new wrongdoing amounting to an additional federal cause of action. If it did, every federal claim would spawn an infinite series of complaints, and a legal rule that results in absurdities is *prima facie* not one that is commanded by the Constitution.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation. Under Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir.2002), plaintiff is given leave to amend his complaint, as to defendants Cheryl Kramer and Mark Kramer only, within the same time. defendants need not file any response until I have ruled on the statute of limitations defense.

DATE: September 19, 2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Preston Piazza GE-6901
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510

4