IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PRESTON PIAZZA,
    Plaintiff,
    v.
CHERYL KRAMER,
    Defendant

Case No. 3:12-cv-194-KRG-KAP

Report and Recommendation

Recommendation

There are pending motions for summary judgment. docket no. 30, docket no. 40. Both should be denied. The parties shall file their pretrial statements on or before August 31, 2013.

Report

As the Court recalls, plaintiff Piazza alleges that defendant Kramer subjected him to cruel and unusual punishment by coercing him into having sex with her while Piazza was an inmate and Kramer a corrections officer at S.C.I. Houtzdale. (Kramer admits sexual contact but alleges that Piazza did the coercing.) The complaint alleges sexual relations until "December 2009", and was filed on December 27, 2011. The complaint was not dated by plaintiff and the Clerk of the United States District Court for the Eastern District of Pennsylvania did not keep the envelope in which the complaint was mailed.

Even if the complaint was placed in the mail several days before December 27, 2011, only about a week of sexual contact, if any took place during that time, would not be beyond the statute of limitations. If this matter goes to jury trial the jury would be able to hear evidence about events before the limitations

period, but could only award damages, if it were to find liability, for acts within the limitations period.

Kramer argues that judgment should be entered for her completely because the last incident took place before December 20, 2009 and any claim by Piazza to a later date contradicts his previous averments to the court that he could not give a specific last date. docket no. 42, referring to docket no. 17. Piazza avers that he and Kramer had sex as often as twice a day until December 30, 2009, and specifically remembers having sexual contact on December 29, 2009, docket no. 45, docket no. 46. This is despite his earlier averments that when his relationship was discovered he was placed in the RHU on December 28, 2009. docket no. 22.

Based only on the record to date, a jury could well find that neither party is telling the truth, either about being the victim of coercion, or about the dates of sexual contact. (A jury could only find for the plaintiff if it finds that he is telling the truth about coercion, and that coerced sexual contact took place within two years of the filing of the complaint.) Since the date of the filing of the complaint is uncertain, and each party's averments about the dates are self-serving and contradictory, summary judgment cannot be granted to either party. Kramer is free to argue to the jury that Piazza's contradictory accounts make him

completely unbelievable, a well as to ask for the standard "false in one, false in all" instruction.

Piazza's motion asserts that he should be awarded summary judgment on liability based on Carrigan v. Davis, 70 F.Supp.2d 448 (D.Del. 1999), in which Chief Judge Farnan held that any sexual conduct between an inmate and guard violates the Eight Amendment, whether the corrections officer coerces the inmate, the conduct is consensual, or the inmate seduces the corrections officer. The reasoning in that decision is, frankly, juvenile and entitled to no deference. It has not even been followed in Delaware. Phillips v. Bird, 2003 WL 22953175 (D.Del.2003). Piazza's motion can be summarily dismissed. Regardless of the legal bars to sexual contact between corrections officers and inmates, to prove a violation of the Eighth Amendment Piazza must prove coercion. And even if Carrigan were the law, Piazza would have to prove conduct within the limitations period.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: June 28, 2013

_____
Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Preston Piazza GE-6901
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510