# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRESTON PIAZZA, ) | |
| ) | Case No. 3:12-cv-194 |
| Plaintiff, ) | |
| ) | JUDGE KIM R. GIBSON |
| v. ) | |
| ) | |
| CHERYL KRAMER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion *in limine* to Admit Evidence of Plaintiff's Prior Bad Acts (ECF No. 60). For the reasons that follow, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. Background

Plaintiff Preston Piazza filed this civil action pro se under 42 U.S.C. § 1983 in December 2011 against the Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections, two state officials, and several State Correctional Officers, including Defendant Cheryl Kramer. Piazza alleges that on various dates between August 2009 and December 2009, Kramer—who was then a corrections officer at SCI Houtzdale—sexually assaulted Piazza while he was incarcerated there. (ECF No. 16.) Piazza was incarcerated at SCI Houtzdale and remains incarcerated for, among other things, a 2004 state-court conviction of forcible rape and physical and sexual assault. *See Com. v. Piazza*, No. 1378 EDA 2014, 2015 WL 7458826, at *1 (Pa. Super. Ct. Mar. 2, 2015). Piazza was also convicted in 2011 of intimidating a witness, retaliating against a witness, and solicitation to commit aggravated assault. *See id.*

Over the course of this litigation, all defendants but Kramer were dismissed from the case. In her Answer, Kramer admits that sexual acts occurred between herself and Piazza, but claims "those acts occurred by way of Plaintiff threatening serious harm to Defendant and her family if she did not perform the acts demanded by Plaintiff." (ECF No. 37 ¶ 5.) The sole surviving claim in this case is Piazza's Eighth Amendment claim under § 1983 against Kramer. Trial is currently scheduled to begin on September 26, 2016.

## II. Discussion

Kramer has moved to admit at trial evidence of Piazza's criminal record. (ECF No. 60.) Specifically, Kramer seeks to introduce the following convictions:

1. 4/13/2011 — intimidating witness/victim, false/misleading testimony;
2. 4/8/2011 — criminal solicitation, aggravated assault;
3. 11/1/2005 — terroristic threats;
4. 8/22/2005 — stalking;
5. 5/5/2004 — rape forcible compulsion, rape threat of forcible compulsion, sexual assault, simple assault, terroristic threats, IDSI forcible compulsion;
6. 3/31/2003 — receiving stolen property;
7. 3/24/2003 — simple assault, harassment;
8. 12/12/2002 — three counts of simple assault, recklessly endangering another person, terroristic threats;
9. 11/18/1999 — robbery/threat of serious bodily injury, simple assault, conspiracy, terroristic threats

(*Id.* at 2). Kramer argues these convictions are relevant because they relate to her state of mind at the time of the underlying events and can support her claim that she felt threatened and intimidated by Piazza. And Kramer states that introduction of Piazza's convictions is not barred by Federal Rule of Evidence 404(b)(1) because she is not offering the evidence to prove

Piazza's character in order to show that he acted in accordance with his character. Further, Kramer asserts that Piazza's criminal convictions qualify under Rule 404(b)(2)'s exception to Rule 404(b)(1)'s prohibition because they relate to Piazza's knowledge, intent, motive, opportunity, and lack of mistake. Kramer alternatively argues that, if Piazza's convictions are deemed inadmissible under Rule 404(b)(1), some of his convictions should still be admissible under Rule 609 to impeach his credibility as a witness.

Piazza has filed no response to Kramer's Motion.

### A. Rule 404

The admissibility of character evidence and evidence of a person's crimes, wrongs, or other acts is governed by Federal Rule of Evidence 404. Rule 404's reach is broader than Rules 607, 608, and 609, which govern specifically the admissibility of evidence of a witness's character. *See* FED. R. EVID. 607-09; FED. R. EVID. 404(a)(3). Under Rule 404(a)(1), evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. And under Rule 404(b)(1), evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.[1] Rule 404(b)(2) provides an exception to Rule 404(b)(1)'s prohibition, however; evidence of a crime, wrong, or other act may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

---

[1] "Other acts" as used in Rule 404(b)(1) includes not only bad acts but also good acts, and the rule applies in both criminal and civil cases. *Ansell v. Green Acres Contracting Co., Inc.*, 347 F.3d 515, 520 (3d Cir. 2003).

For evidence of a crime, wrong, or other act to be admissible under one of Rule 404(b)(2)'s exceptions, four requirements must be met: (1) the evidence must have a proper purpose; (2) it must be relevant under Rules 401 and 402; (3) its probative value must not be substantially outweighed by its danger of prejudicial effect under Rule 403; and (4) the Court must charge the jury to consider the evidence only for the limited purpose for which it was admitted. *See Ansell*, 347 F.3d at 520. "A proper purpose is one that is probative of a material issue other than character." *United States v. Green*, 617 F.3d 233, 250 (3d Cir. 2010) (citation and internal quotation marks omitted). This means evidence of a crime, wrong, or other act must be offered for a purpose other than proving that an individual has a propensity to act in a certain way. To admit such evidence, "a court must be able to articulate a way in which the tendered evidence logically tends to establish or refute a material fact in issue, and that chain of logic must include no link involving an inference that a bad person is disposed to do bad acts." *Ansell*, 373 F.3d at 520-21 (citation and internal quotation marks omitted).

Here, some of Piazza's convictions satisfy the four requirements for admissibility under Rule 404(b)(2). Specifically, Piazza's convictions which predate the events giving rise to this case are admissible for the purpose of establishing Kramer's state of mind during her interactions with Piazza. Piazza's 2011 convictions, however, occurred after the events underlying this case and therefore cannot support her state of mind during that time. Thus, Piazza's 2011 convictions are inadmissible to establish Kramer's state of mind.

First, Kramer's stated purpose for introducing the pre-2011 convictions is a proper one; they are probative of a material issue other than character, namely her state of mind—specifically her alleged fear of Piazza during her interactions with him. Second, Piazza's pre-

2011 convictions are relevant because they have "any tendency" to make Kramer's alleged fear of Piazza "more or less probable than it would be without the evidence," and her alleged fear "is of consequence in determining the action." FED. R. EVID. 401.

The third requirement—that the evidence's probative value must not be substantially outweighed by its prejudicial effect under Rule 403—is more problematic. Piazza's convictions pose a substantial risk of unfair prejudice; they could cause the jury to engage in the exact propensity-type reasoning that Rule 404 prohibits. Their probative value, however, is equally substantial. Kramer's alleged fear of Piazza is central to her defense in this case, and absent proof of Piazza's convictions she would be hard pressed to offer this defense. Nor would it be proper to limit admissibility of the specific details of Piazza's convictions; the weight of this evidence is directly correlated to the specifics of the convictions. The risk of unfair prejudice, furthermore, will be somewhat reduced by a limiting instruction upon introduction of the evidence. *See, e.g.*, *United States v. Givan*, 320 F.3d 452, 461-62 (3d Cir. 2003) (recognizing that a limiting instruction is the primary means by which to minimize the prejudicial effect of evidence and noting that "it is a basic tenet of our jurisprudence that a jury is presumed to have followed the instructions the court gave it" (citation omitted)). The Court therefore finds that the probative value of Piazza's pre-2011 convictions is not substantially outweighed by their potential for unfair prejudice.

Finally, because the Court intends to instruct the jury to consider Piazza's convictions only for the purpose of proving Kramer's state of mind, the fourth requirement is also satisfied. The Court thus holds that Piazza's convictions which predate the events giving rise to this case are admissible for the purpose of establishing Kramer's state of mind during her interactions

with Piazza. Piazza's 2011 convictions, however, are inadmissible to establish Kramer's state of mind.

### B. Rule 609

Alternatively, Kramer argues that some of Piazza's convictions are admissible under Rule 609 to impeach his credibility. Specifically, Kramer argues that "[i]n the least, Plaintiff's crimes for false or misleading testimony, intimidating a witness, and receiving stolen property should be admitted . . . ." ([ECF No. 60. at 4.](#)) Because Kramer's Rule 609 argument is limited to these three convictions, the Court will presently consider whether these three convictions only are admissible under Rule 609 to impeach Piazza's credibility.

Rule 609 governs the admissibility of evidence of a criminal conviction when a party seeks to attack a witness's character for truthfulness by use of that criminal conviction. FED. R. EVID. 609(a). Under Rule 609(a)(1), such evidence must be admitted in a civil case if: (1) the crime was punishable by death or by imprisonment for more than one year; and (2) the probative value of the evidence is not substantially outweighed by a danger of unfair prejudice under Rule 403. In assessing the balance under this second prong, courts should consider the nature of the conviction, the time elapsed since the conviction, the importance of the witness's credibility to the case, and the importance of credibility to the underlying claim. *Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir. 2014) (citation omitted). The burden of demonstrating that the conviction survives the test imposed by Rule 609 is on the party seeking to introduce the conviction. *See, e.g.*, *Miller v. Hoffman*, No. 97-cv-7987, 1999 WL 415402, at *2 (E.D. Pa. June 22, 1999); *cf. United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014) (generally the party seeking to admit evidence under an exception "bears the burden of demonstrating its applicability").

If the prior conviction involved "a dishonest act or false statement"—so-called *crimen falsi* convictions—then Rule 609(a)(2) provides that the evidence is automatically admissible, and the court is without discretion to engage in Rule 403 balancing. *Walker v. Horn*, 385 F.3d 321, 333 (3d Cir. 2004) ("Rule 609(a)(2) does not permit the district court to engage in [Rule 403] balancing"). Lastly, Rule 609(b) provides a stricter test for admissibility "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." If Rule 609(b) applies to a conviction, evidence of that conviction is admissible only if:

> **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
> **(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

FED. R. EVID. 609(b). In making a determination under Rule 609(b)(1), the court considers the same factors as under Rule 403—the kind of crime involved, when the conviction occurred, the importance of the witness's testimony, and the importance of the witness's credibility.[2] *See, e.g.*, *Sharif*, 740 F.3d at 272 (citation omitted); *see also United States v. D'Agata*, 646 F. Supp. 390, 391 (E.D. Pa. 1986).

Kramer argues that Piazza's convictions of "false or misleading testimony, intimidating a witness, and receiving stolen property should be admitted . . . ." (ECF No. 60. at 4.) Although the first two of these convictions occurred in 2011, Piazza's conviction of receiving stolen property occurred in 2003. Thus, and because Kramer has not established that less than 10

---

[2] Courts engage in the same type of balancing under Rule 609(a)(1) and 609(b)(2); the difference is that under Rule 609(a)(1) the court must determine that the probative value is not substantially outweighed by the prejudicial effect. For convictions older than ten years under Rule 609(b)(1), however, it is the probative value of the conviction which must substantially outweigh the prejudicial effect, and this balance must be supported by specific facts and circumstances.

years have passed since Piazza would have been released from confinement for this conviction, the Court holds that Rule 609(b) presumptively applies to Piazza's conviction of receiving stolen property. Therefore, in order to be admissible for impeachment purposes, the probative value of this conviction, "supported by specific facts and circumstances, [must] substantially outweigh[] its prejudicial effect." FED. R. EVID. 609(b)(1).

Here, although it is a close call, Kramer has not met her burden for admitting Piazza's conviction of receiving stolen property to impeach his credibility. The crime involved—receiving stolen property—is likely probative of Piazza's character for truthfulness. But Kramer has provided no details of the facts surrounding this conviction. Under 18 Pa. Cons. Stat. § 3925(a), a person is guilty of receiving stolen property "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." Thus, a defendant can be convicted of receiving stolen property on the basis that he received property believing it was probably stolen, despite not having engaged in any deceitful act himself. Without more details regarding the underlying conviction, impeachment of Piazza by vague reference to this conviction would be highly prejudicial without being very probative of truthfulness. Piazza's testimony and credibility appear to be a central issue in this case, and Kramer has not identified specific facts and circumstances supporting the conclusion that the probative value of Piazza's conviction for receiving stolen property substantially outweighs its prejudicial effect. Thus, the Court holds that this conviction is inadmissible under Rule 609 to impeach his credibility.

Furthermore, although Kramer's Motion contains a heading captioned "Evidence of Crimen Falsi," (ECF No. 60 at 4), she makes no argument that Piazza's conviction of receiving stolen property is admissible under Rule 609(2). The Court will therefore not address admissibility of this conviction under Rule 609(2) other than by noting that "[i]f theft is not *crimen falsi*, then arguably receiving stolen property is not *crimen falsi*." *United States v. Potter*, No. 08-cv-4518, 2009 WL 320605, at *3 n.3 (E.D. Pa. Feb. 6, 2009).

This leaves the admissibility under Rule 609 of Piazza's convictions of false or misleading testimony and intimidating a witness. A point of clarification is in order before reaching these convictions. A review of the Unified Judicial System of the Commonwealth of Pennsylvania's online docket sheets indicates that Piazza was convicted in 2011 under 18 P.A. Cons. Stat. § 4952(a)(2) (intimidation of witnesses or victims in order to give false or misleading testimony) and 18 P.A. Cons. Stat. § 4953(a) (retaliation against a witness, victim, or party).[3] *See* Unified Judicial System of Pennsylvania, *Court of Common Pleas of Bucks County Criminal Docket Sheet Number CP-09-CR-0006421-2010*, https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-09-CR-0006421-2010 (last visited Sept. 20, 2016). Given the disclaimer regarding accuracy on the Unified Judicial System's online docket sheets, the Court is unwilling to accept these docket sheets as conclusive proof of convictions. Docket sheet number CP-09-CR-0006421-2010 raises the question, however, whether Piazza was convicted of the crimes of false or misleading testimony and intimidating a witness in 2011—as Kramer argues—or if Piazza was in fact convicted of

---

[3] Piazza was also convicted under 18 P.A. Cons. Stat. § 902(a) (criminal solicitation to commit aggravated assault) in 2011, but Kramer has not argued for the introduction of this conviction under Rule 609. Thus, the Court will disregard this conviction for purposes of this discussion.

intimidation of witnesses or victims in order to give false or misleading testimony and retaliation against a witness, victim, or party. The Court will proceed on the assumption that the information on docket sheet number CP-09-CR-0006421-2010 is accurate, but notes that Kramer would have to establish the accuracy of the convictions she seeks to introduce at trial.

Here, the Court holds that Piazza's 2011 conviction under § 4952(a)(2) (intimidation of witnesses or victims in order to give false or misleading testimony) is admissible under Rule 609(a)(1) to attack his character for truthfulness. Piazza's conviction under § 4952(a)(2) is admissible because it is fairly recent and the nature of the conviction—intimidating or attempting to intimidate someone to "[g]ive any false or misleading information or testimony relating to the commission of any crime to any law enforcement officer, prosecuting official or judge"—relates directly to his character for truthfulness. Thus, it is highly probative of truthfulness and bears directly on his propensity for falsehoods. The final two factors—the importance of the witness's testimony and the importance of credibility to the underlying claim—concededly tilt in favor of exclusion. As noted above, Piazza's testimony and credibility appear to be a central issue in this case. Thus, his impeachment would be prejudicial. Overall, however, the Court finds that introduction of Piazza's conviction under § 4952(a)(2) is highly probative for truthfulness and not substantially outweighed by a danger of unfair prejudice.

Finally, the Court holds that Piazza's 2011 conviction under § 4953(a) (retaliation against a witness, victim, or party) is inadmissible under Rule 609(a)(1) to attack his character for truthfulness. For this conviction, only one Rule 403 factor—the time since the conviction—weighs in favor of admissibility. The other three factors—the kind of crime involved, the importance of the witness's credibility to the case, and the importance of credibility to the

underlying claim—all support exclusion. Under § 4953(a), a person commits retaliation against a witness, victim, or party "if he harms another by any unlawful act or engages in a course of conduct or repeatedly commits acts which threaten another in retaliation for anything lawfully done in the capacity of witness, victim or a party in a civil matter." Thus, a conviction of § 4953(a) on its face has no relation to a person's truthfulness or propensity for falsehoods; it constitutes a crime of violence. The additional probative value of this conviction regarding Piazza's truthfulness is minimal, and "often, crimes of violence are less probative of honesty than are crimes involving deceit or fraud." *Sharif*, 740 F.3d at 273 (footnote omitted). Thus, the Court holds that Piazza's 2011 conviction under § 4953(a) is inadmissible under Rule 609(a)(1) to attack his character for truthfulness.

### III. Conclusion

For the foregoing reasons, Defendant's Motion *in limine* to Admit Evidence of Plaintiff's Prior Bad Acts is **GRANTED IN PART** and **DENIED IN PART**.

A corresponding Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| PRESTON PIAZZA, | ) | |
|---|---|---|
| | ) | Case No. 3:12-cv-194 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| CHERYL KRAMER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 21st day of September 2016, upon consideration of Defendant's Motion *in limine* to Admit Evidence of Plaintiff's Prior Bad Acts (ECF No. 60), and for the reasons set forth in the Memorandum Opinion accompanying this Order, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**. It is **HEREBY ORDERED AS FOLLOWS**:

- Plaintiff's convictions which predate 2011 are **ADMISSIBLE** under Federal Rule of Evidence 404(b) for the purpose of establishing Defendant's state of mind during her interactions with Plaintiff;

- Plaintiff's 2011 convictions are **INADMISSIBLE** under Federal Rule of Evidence 404(b) for the purpose of establishing Defendant's state of mind during her interactions with Plaintiff;

- Plaintiff's 2003 conviction under 18 Pa. Cons. Stat. § 3925(a) of receiving stolen property is **INADMISSIBLE** under Rule 609(a)(1) to attack his character for truthfulness;

- Plaintiff's 2011 conviction under 18 Pa. Cons. Stat. § 4952(a)(2) of intimidation of witnesses or victims in order to give false or misleading testimony is **ADMISSIBLE** under Rule 609(a)(1) to attack his character for truthfulness; and

- Plaintiff's 2011 conviction under 18 Pa. Cons. Stat. § 4953(a) of retaliation against a witness or victim is **INADMISSIBLE** under Rule 609(a)(1) to attack his character for truthfulness.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE